IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:10cv519
[Criminal Case No. 3:07cr283]

| | |
|---|---|
| MICHAEL MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | MEMORANDUM |
| ) | AND ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**PROCEDURAL HISTORY**

The Petitioner was originally charged on December 18, 2007 with two counts of making false statements on a loan application and two counts of using false social security numbers, in violation of 18 U.S.C. §1014 and 42 U.S.C. §408(a)(7)(B). [Criminal Case No. 3:07cr283, Doc. 3]. On January 24, 2008, the indictment was superseded to add additional counts of making false statements and using false social security numbers and additional charges of

1

bank fraud and aggravated identity theft, in violation of 18 U.S.C. §§1344 & 1028(A)(a)(1). [Id., Doc. 11]. The Petitioner was charged with a total of twenty-six counts, including seven counts of aggravated identity theft. [Id.].

In May 2008, the Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to one count each of making a false statement (Count Five), using a false social security number (Count Ten), bank fraud (Count Sixteen) and aggravated identity theft (Count Twenty-two). [Id., Doc. 17]. In exchange for his pleas of guilty to those counts, the Government agreed to dismiss the remaining counts. [Id.]. On June 6, 2008, the Petitioner entered his guilty pleas. [Id., Doc. 18].

On October 26, 2009, the Petitioner was sentenced to 16 months imprisonment on counts Five, Ten and Sixteen to run concurrently and to 24 months imprisonment on count Twenty-Two to run consecutively to the other counts as required by statute. [Id., Doc. 38]. The Petitioner did not file a direct appeal. The docket reflects that he reported to serve his sentence on January 13, 2010. [Id., Doc. 43].

On October 18, 2010, the Petitioner timely filed this motion to vacate, set aside or correct his sentence. 28 U.S.C. §2255(f).

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255.

> If the court finds that ... the sentence imposed was not authorized by law ... or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall ... resentence [the prisoner] ... or correct the sentence as may appear appropriate.

28 U.S.C. §2255(b). The Court may do so without requiring the production of the prisoner at a hearing. 28 U.S.C. §2255(c).

The Petitioner's motion is based on a claim that his attorney rendered ineffective assistance of counsel. The Supreme Court has stated the test for determining whether a defendant received adequate assistance of counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984).

Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. Id. Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result of the prosecution would have been different. Id., at 688.

## DISCUSSION

In the motion, the Petitioner stated that his attorney "was ineffective when he failed to familiarize himself with the intervening change in law and apply it to the Defendant's circumstance." [Doc. 1, at 4]. The Petitioner stated in his supporting memorandum of law that his counsel was ineffective by "fail[ing] to familiarize himself with the substantive change in law establishing [his] actual innocen[ce] of aggravated identity theft[.]" [Doc. 4, at 4]. In support of this statement, the Petitioner cites the Supreme Court decision in Flores-Figueroa v. United States, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), which was decided on May 9, 2009, almost five months before the Petitioner was sentenced. [Id., at 4-5]. In that case, the Supreme Court held that in order to convict a defendant of aggravated identity theft, the Government must prove that the defendant knew that the identification he unlawfully used did, in fact,

belong to another person. Flores-Figueroa, supra. The Petitioner here argues that his attorney was ineffective for failing to advise him against entering a plea of guilty to Count Twenty-Two, the charge of aggravated identity theft in violation of 18 U.S.C. §1028A(a)(1). [Id.]. The Petitioner points out that when he pled guilty to that count, he did not allocute that he knowingly used the identification of another person; in fact, the Petitioner told the authorities that he fabricated social security numbers rather than using the number of any particular individual.[1] [Id., at 4-5]. The Petitioner therefore seeks vacatur of his conviction and sentence as to this count.

In the Government's response, it has advised that the case agent who assisted in the prosecution stated there was no "evidence that the defendant knew the social security number he fraudulently used was that of another person. Rather, from all appearances, the defendant simply made up a false social security number." [Doc. 6, at 2]. The Government also stated that the change in law announced by the Supreme Court in Flores-Figueroa should be applied retroactively to this case on collateral review, citing United States v. Venancia-Dominguez, 660 F. Supp.2d 717 (E.D. Va. 2009). As a result, the

---

[1]This statement comports with the statement made to law enforcement authorities upon his arrest that he made "up the social security numbers utilized to obtain loans from various banks." [Doc. 35, at 7].

5

Government has conceded that the Petitioner is actually innocent of Count Twenty-two and seeks vacatur of the Petitioner's conviction and sentence as to that count. [Id.].

The Government is correct that the District Court in Venancia-Dominguez concluded the ruling of Flores-Figueroa applies retroactively to a case on collateral review pursuant to §2255. That Court noted that new rules of substantive law apply retroactively because they would "produce a class of persons convicted of conduct the law [no longer] make[s] criminal[.]" Venancia-Dominguez, 660 F.Supp.2d at 721, *quoting* Schriro v. Summerlin, 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). A new rule announced by the Supreme Court is substantive if it "narrow[s] the scope of a criminal statute by interpreting its terms[.]" Id. The Court also found that the holding of Flores-Figueroa qualifies as a substantive rule because it narrows the class of conduct made criminal by 18 U.S.C. §1028A(a)(1); that is, it is now required that the defendant know that the means of identification illegally used belonged to another person. Id. Since the defendant in Venancia-Dominguez procedurally defaulted his claim by failing to challenge his guilty plea on direct appeal, the court found that under Flores-Figueroa the defendant had shown he was actually innocent of the crime charged in

§1028A(a)(1) and therefore was nonetheless entitled to relief. Id.

Although the Fourth Circuit has not addressed this issue, it appears that most courts considering it have found the rule announced in Flores-Figueroa is a substantive rule of law which may be applied retroactively to cases on collateral review and that relief is warranted where the petitioner can show actual innocence. United States v. Mellor, 2010 WL 3585892 **4-5 (W.D.Va. 2010) (acknowledging standard but finding inapplicable to facts at hand); *accord*, Arellano v. United States, 2010 WL 3504801 (M.D.N.C. 2010); Soto v. United States, 2010 WL 148235 (S.D.Fla. 2010) (granting relief); *accord*, United States v. Fernandez-Cruz, 2009 WL 3488352 (D.Md. 2009). Other courts have merely noted that where the Government does not object and, in fact, agrees that the prisoner's sentence should be vacated, the issue of retroactivity need not be addressed. Culver v. United States, 2010 WL 1629680 (S.D.Oh. 2010).

This Court finds that the rule of Flores-Figueroa should be applied retroactively to this case on collateral review. The Court agrees with the Government's concession that the Petitioner has shown he is actually innocent of the charge of aggravated identity theft because there was no evidence that he knew the social security number belonged to another person.

Venancia-Dominguez, 660 F.Supp.2d at 721; Soto, supra.; Fernandez-Cruz, supra. Because the Petitioner was actually innocent of the charge, his attorney was ineffective for failing to advise the Petitioner to seek withdrawal of the guilty plea. Butler v. United States, 2010 WL 4905492 (D.N.H. 2010) (noting petitioner could not show prejudice by counsel for failing to anticipate Flores-Figueroa where evidence showed petitioner knew identity of person); *accord*, Mellor, 2010 WL 2585892 **11 ("the evidence is overwhelming that Mellor knew that the access device information that she stole belonged to other persons"); Amara v. United States, 2010 WL 2998663 (D.Md. 2010) (petitioner conceded knowledge element); Kowal v. United States, 2010 WL 2265699 **6 (N.D.Iowa 2010) ("the record establishes that the defendant knew the identification documents ... actually belonged to other individuals"); see, *e.g.*, United States v. Tureseo, 566 F.3d 77 (2nd Cir. 2009) (erroneous jury instruction omitting knowledge element not harmless); United States v. Cain, 355 Fed.Appx. 758 (4th Cir. 2009) (conviction vacated on direct appeal due to lack of evidence of knowledge); United States v. Buckeridge, 326 Fed.Appx. 72 (3rd Cir. 2009) (on direct appeal the government "rightly conceded" conviction must be vacated); United States v. De La Rosa, 346 Fed.Appx. 468 (11th Cir. 2009) (vacating conviction); United States v. Tawik,

8

2010 WL 3394194 (2nd Cir. 2010) (vacating conviction on direct appeal where government conceded jury instruction on aggravated identity theft erroneous). Flores-Figueroa was the law at the time of the Petitioner's sentencing but his attorney failed to so advise him. Because the Petitioner was "actually innocent" of the offense of aggravated identity theft at the time of his sentencing, his attorney's failure to so advise the Petitioner prejudiced him. Strickland, 466 U.S. at 694 (but for counsel's error, the result of the proceeding would have been different); Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (but for counsel's error, there is a reasonable probability the defendant would not have pled guilty).

Alternatively, the Court notes the Government agrees that the Petitioner's conviction should be vacated and without objection from the Government, the Court will grant the Petitioner's motion. Culver, supra.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **GRANTED** and the Petitioner's conviction in Count Twenty-Two is hereby **VACATED**. All other terms and provisions of the Judgment of Conviction, including the convictions and sentences for

Counts Five, Ten and Sixteen shall remain the same.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to prepare an Amended Judgment in a Criminal Case for signature of the Court. Upon signature, a copy of the Amended Judgment in a Criminal Case shall be sent to the United States Bureau of Prisons via facsimile as well as by mail.

Signed: December 10, 2010

Martin Reidinger
United States District Judge